# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**GERARD BELL (#84020)**                                    **CIVIL ACTION**

**VERSUS**
                                                            **24-1054-JWD-RLB**
**ERIN WILEY LANOUX, ET AL.**

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on October 6, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

GERARD BELL (#84020)                                       CIVIL ACTION

VERSUS
                                                          24-1054-JWD-RLB

ERIN WILEY LANOUX, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff filed this proceeding pursuant to 42 U.S.C. § 1983 against numerous defendants, complaining that his constitutional rights were violated when excessive force was used during an unlawful arrest on March 7, 2024, and that his rights were violated in connection with a complaint and state court criminal proceedings. The plaintiff requests monetary relief.

### 28 U.S.C. §§ 1915(e) and 1915A

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based

on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### Plaintiff's Allegations

In his Complaint, as amended, the plaintiff alleges the following: On March 7, 2024, the plaintiff was pulled over by the Ascension Parish Sheriff's Office. The officers claimed that the plaintiff was uninsured, that his vehicle was not registered, and the plaintiff was evasive. Officer Chris Perer forcibly removed the plaintiff from his vehicle with is firearm drawn and aimed at the plaintiff's head. Officers Dalvin Robinis and Joshua Callaway assisted in the plaintiff's arrest. They also searched the plaintiff's vehicle and seized his personal properly. When plaintiff asserted his Fourth Amendment rights were being violated, the officers mocked him and stated, "We run this." Excessive force was used when the plaintiff was handcuffed resulting in sprains and physical pain due to being tightly handcuffed.

The Ascension Parish Office Commendation and Complaint Department and Ascension Parish Sheriff's Office failed to discipline or terminate the officers involved in the plaintiff's arrest on March 7, 2024. These defendants have a policy of ignoring misconduct and encouraging police violence.

On August 7, 2024, the plaintiff appeared before Judge Erin Wiley Lanoux. The plaintiff was found in contempt of court, and his shoulder and wrist were injured when he was taken into custody to serve 10 days for contempt.

On October 17, 2024, the plaintiff again appeared before Judge Erin Wiley Lanoux. At the hearing, a Bill of Information was handed to the plaintiff by Officer Robert Gothrard regarding defendant "Gerald Bell." The charges were brought in retaliation for the plaintiff's complaint against the Ascension Parish Sheriff's Office and its deputies. The plaintiff tried to explain that his constitutional rights were being violated, but Judge Lanoux found the plaintiff in contempt of court and sentenced him to 15 days in jail.

The felony charges against "Gerald Bell" are before Judge John Smith. District Attorney Charles Long fraudulently changed the name on court documents. The plaintiff's Motion for Dismissal was denied and the plaintiff took appeals to the First Circuit under case numbers 25 KW 0384 and 0385.

The plaintiff was held for 69 days plus the days for his sentence for contempt of Court. He was forced to sleep on a hard bunk which caused back pain and body aches.

Since these events the plaintiff has been harassed by the Ascension Parish Sheriff's Office, the DOTD, District Attorney Ricky Babin, and District Attorney Charles Long.

On January 25, 2025, he plaintiff's public records request for bodycam footage from the arrest and for related documentation were denied. Officer Wayne Geatreau and Officer Kyle Gautreau informed the plaintiff that the footage had been destroyed. The footage was destroyed by Officer Wayne Geatreau.

**Ongoing Criminal Proceedings**

On May 15, 2025, the Court ordered the plaintiff to amend his Complaint to include whether or not the plaintiff had been charged with or convicted of a crime in connection with the alleged unlawful arrest and whether or not the complained of state court criminal proceedings were still pending in the state courts. On July 15, 2025, the plaintiff filed an Amended Complaint, but the Court could not ascertain the foregoing requested information from that pleading. However, various documents attached to the plaintiff's pleadings indicate that state court criminal proceedings were ongoing at the time the plaintiff filed his Complaint. Other records indicate that these criminal proceedings may still be ongoing. See for example, *State v. Bell,* 2025-1088 (La. App. 8/27/25), 415 So. 2d. 364 wherein the Court declined to consider a writ as late as August 27, 2025.

In short, plaintiff is suing the law enforcement officers, prosectors, and judge that are involved in his pending state court criminal proceedings. As such, the plaintiff's claim regarding his arrest and ongoing criminal proceedings calls into question the validity of his confinement; therefore, this claim is subject to dismissal because it may only be pursued in a habeas corpus proceeding. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of *habeas corpus*"). Additionally, under the well-established doctrine set out in *Younger v. Harris*, 91 S. Ct. 746, 750-51 (1971), federal courts cannot interfere in state criminal proceedings unless extraordinary circumstances are present. *See Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018). The plaintiff has not alleged that he lacks an adequate opportunity to raise his constitutional challenges in the state court or that

extraordinary circumstances otherwise warrant federal intervention. Plaintiff is a defendant in a state court criminal proceeding and his available remedies at this time are appropriately found in that proceeding.

Further, the plaintiff's claim for monetary damages associated with his continued confinement is barred pursuant to the rule stated in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck,* a prisoner's claim for monetary damages attributable to an alleged wrongful conviction or term of confinement is not cognizable in federal court whenever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. If so, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated," either by state officials or through federal habeas corpus. *Id.* Were this Court to determine that the plaintiff is entitled to monetary damages as a result of the alleged false arrest and confinement, this would necessarily imply that the plaintiff's term of confinement was invalid. Since the plaintiff has failed to allege or show that his term of confinement has been invalidated or called into question in a separate proceeding, either in a state proceeding or through federal habeas corpus, the plaintiff's claim for monetary damages falls squarely within the holding of *Heck v. Humphrey* and must be dismissed. Accordingly, the plaintiff's claim for monetary damages arising out of the alleged unconstitutional term of confinement resulting from his arrest and pending charges must be dismissed as it has not yet accrued.

### Supplemental Jurisdiction

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel

or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[1] It is further recommended that defendants' pending Motion for Extension of Time to File Responsive Pleadings (R. Doc. 27) be denied as moot[2] and that this action be closed.

Signed in Baton Rouge, Louisiana, on October 6, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."
[2] Defendants need not file any responsible pleadings unless otherwise ordered by the Court.